**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAM JAY STONE,<br><br>            Plaintiff,<br><br>       v.<br><br>HORN,<br>            Defendant. | Case No. 1:24-cv-01249 JLT EPG (PC)<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY THE FILING FEE |

On October 17, 2024, the Court ordered Plaintiff to pay the filing fee or submit an application to proceed *in forma pauperis*. (Doc. 3.) Despite the Court's warning that failure to comply with the order would result in dismissal (*id.* at 1), Plaintiff failed to submit the IFP application or pay the required fee. Without such payment, the action cannot proceed before the Court. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022).

In finding dismissal is appropriate for the failure to pay the filing fee, the Court also considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*,

191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Because Plaintiff delayed the action though his failure to obey the Court's order denying his application to proceed *in forma pauperis*, the third factor also supports dismissal. Further, the Court warned that "[f]ailure to comply with this order will result in dismissal of this action" (Doc. 3 at 1, emphasis omitted), and the Court need only warn a party once that the matter could be dismissed to satisfy the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Thus, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

Based upon the foregoing, the Court **ORDERS**:

1. This action is **DISMISSED** without prejudice.
2. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **January 8, 2025**

UNITED STATES DISTRICT JUDGE